IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

IN RE:

| | |
|---|---|
| MAXTEL USA, INC, | Bankruptcy Case No. 02-14610 |
| EZTEL COMMUNICATIONS, LLC, | Bankruptcy Case No. 02-14611 |
| EZTEL LLC, | Bankruptcy Case No. 02-14612 |
| EZTEL NETWORKS, LLC, | Bankruptcy Case No. 02-14613 |
| EZTEL NETWORK SERVICES | Bankruptcy Case No. 02-14614 |
| Debtors | Chapter 11 |

_____

WILTEL COMMUNICATIONS, LLC.                                        APPELLANT

VS.                                                                                    NO. 4:05cv162-D

AFFINE COMMUNICATIONS, LLC,
MAXTEL USA, INC.,
EZTEL COMMUNICATIONS, LLC,
EZTEL, LLC,
EZTEL NETWORKS, LLC, and
EZTEL NETWORK SERVICES, LLC                                    APPELLEES
_____

OPINION AFFIRMING ORDER OF BANKRUPTCY COURT

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Northern District of Mississippi. On July 13, 2005, the Appellant creditor filed a notice of appeal stating its intention to appeal the September 10, 2004, order of the Bankruptcy Court approving a settlement between Affine Communications ("Affine") and ezTel. The Bankruptcy Court's order approved a settlement allowing Affine a $120,000 administrative claim and allowing payments to begin within ten days of the order. Upon due consideration, the Court finds that the approval of the settlement was proper, and the bankruptcy court's order shall be affirmed.

*A. Factual and Procedural Background*

On June 14, 2000, Affine Communications ("Affine") and the five affiliated Debtors-In-Possession ("ezTel") entered into an Authorized Representative Agreement ("Contract") under which ezTel would provide telecommunication services to customers referred by Affine and pay Affine commissions for those referrals. The contract contained a provision that Affine could terminate the agreement for cause, including the nonpayment of commissions. In addition, Section 3.3 of the contract provided, "Commissions will continue to be paid on the net revenue received by exTel after termination of this Agreement for each customer as long as the customer is an exTel customer."[1] EzTel failed to pay commissions on time and as a result, Affine terminated the agreement in December 2001. EzTel filed a voluntary petition under Chapter 11 on July 30, 2002. Prior to the filing of the bankruptcy petition, Affine's commission payments began to accrue. As a result, Affine claimed on December 31, 2003, that it had a combined pre-petition and post-petition claims of $675,000. Affine claims approximately $400,000 in pre-petition fees and $275,000 in post-petition fees associated with continuing commissions from referrals before the contract was terminated.

On May 20, 2004, Affine and ezTel filed a Joint Motion for Authority to Settle and Compromise a Disputed Controversy. In that motion, Affine and ezTel outlined their disputed issues. Affine claimed that it was entitled to an administrative expense claim under the contract for the commissions that continue to accrue. EzTel asserted that it had no further liability because Affine wrongfully terminated the contract. Based on these disputed issues and the expense of litigating, Affine and ezTel reached a comprehensive settlement agreement though

---

[1] Transcript of Bankruptcy Court Hearing on July 9, 2004, at page 34, lines 1-9.

which ezTel would pay Affine $120,000 in monthly installments over two years. That settlement would settle all claims between the two parties, and satisfy Affine's pre-petition claim and post-petition claim.

WilTel Communications, LLC (WilTel) is ezTel's primary supplier of wholesale telecommunications services. WilTel holds an administrative priority claim against ezTel in excess of $550,000 in post-bankruptcy payments. WilTel objected to the motion and at the hearing of this settlement. WilTel stated that cash is tight in these cases, there is no reorganization plan yet, and that Affine was not entitled to an administrative claim. In addition, WilTel argued that Affine's claim under the settlement would be paid ahead of its claim which was for post-bankruptcy benefits.

On July 9, 2004, the United States Bankruptcy Court for the Northern District of Mississippi, held a hearing on the approval of the Affine/ezTel agreement. The subject of most of the proof in the hearing was the testimony of Thomas Boggs, President and CEO of the ezTel family of companies. Mr. Boggs testified that the settlement was reached on the basis of sound business judgment for his companies. He stated that the post-petition commissions still accruing in favor of Affine were accruing at the amount of $12,000-15,000 a month. In addition, Mr. Boggs cited the overwhelming discovery and litigation costs associated with a trial on the disputes between Affine and ezTel. He estimated that the litigation costs would exceed $50,000 alone. Mr. Boggs concluded that with this settlement, ezTel could move quickly to give its reorganization plan to the Court. [2]

WilTel did not dispute the amount of $120,000, but did dispute that it should be afforded administrative priority. In addition, WilTel cited several cases not affording post-petition

---

[2] Transcript at pages 35-49.

commissions administrative claims, but regarding them as general unsecured claims.

The Bankruptcy Court approved the settlement because it gave certainty to the proceedings. The Court held that the payments of $120,000 over twenty-four months did not shock the conscience. While the Court appreciated WilTel's arguments and cases, it stated that Section 3.3 of the Contract was different and could distinguish it from the cases cited by WilTel. Therefore, in the interest of certainty and economy the Bankruptcy Court approved the settlement orally on July 9, 2004, and issued a written order on September 10, 2004. The Appellant then appealed the Bankruptcy Court's order to this Court on July 13, 2005.

## B.  Standard of Review

This court has appellate jurisdiction over appeals from the bankruptcy court pursuant to 28 U.S.C. §158(a), which provides in pertinent part:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees, . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under Section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. §158(a).

The court reviews the bankruptcy court's findings of fact under the clearly erroneous standard, while conclusions of law are reviewed de novo. Smith v. Associates Comm. Corp. (In re Clark Pipe & Supply Co.), 893 F.2d 693, 697-98 (5th Cir. 1990); Mississippi State Tax Comm'n v. Superior Boat Works, Inc. (In re Superior Boat Works, Inc.), 246 B.R. 259, 261 (N.D. Miss. 2000); Fed. R. Bankr. P. 8013.

## C. Discussion

Rule 9019(a) of the Federal Rules of Bankruptcy Procedures provides that on a motion

and after notice and a hearing, the Bankruptcy Court may approve a settlement or a compromise. The decision of whether to approve a settlement is within the discretion of the trial judge, and an appellate court will reverse only when that discretion has been abused. United States v. AWECO, Inc., (In re AWECO) 725 F.2d 293, 297 (5th Cir.1984); In re Jackson Brewing Co., 624 F.2d 599, 602-03 (5th Cir. 1980). To determine the propriety of the bankruptcy settlement, one must look to see if the settlement is in the "best interests of the estate." In re Adelphia Communications Corp., 327 B.R. 143, 158-59 (Bankr. S.D.N.Y. 2005). The settlement is in the best interest of the estate if it is "fair and equitable." Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. V. Anderson, 390 U.S. 414, 424, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968)("TMT"). Generally, courts favor compromises as they are a "normal part of the process of reorganization." In re New York, New Haven and Hartford Railroad Co., 632 F.2d 955, 959 (2nd Cir. 1980)(citing Case v. Los Angeles Lumber Products Co., 308 U.S. 106, 130, 60 S. Ct. 1, 14, 84 L. Ed. 110 (1939)).

The bankruptcy judge must conduct an intelligent, objective and educated evaluation of all necessary facts. In re Jackson Brewing Co., 624 F.2d at 602. The judge must compare the terms of the settlement with the likely risks and rewards of litigation. TMT, 390 U.S. at 425. The Supreme Court stated in TMT that the bankruptcy court should determine:

> An educated estimate of the complexity, expense, and likely duration of litigation, the possible difficulties of collection on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

Id. At 424-25.

The Fifth Circuit held that when deciding whether to a approve a settlement, courts should evaluate the following factors:

1. The probability of success in the litigation, with due consideration to the uncertainty in fact and law;

2. The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and

3. All other factors bearing on the wisdom of the compromise. Jackson Brewing Co., 624 F.2d at 602.

The settlement need not be the best the debtor could have obtained. In re Adelphia Communications Corp., 327 B.R. at 159. However, the settlement must fall "within the reasonable range of litigation possibilities." In re Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979). "There is a range of reasonableness with respect to a settlement–a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion–and the judge will not be reversed if the appellate court concludes that the settlement lies within that range." Newman v. Stein, 464 F.2d 689, 693 (2d Cir, 1971), *cert. denied*, 409 U.S. 1039, 93 S. Ct. 521, 34 L. Ed. 2d 488 (1972). A bankruptcy judge need not decide the numerous questions of law and fact into the reasonableness of the settlement, but must only "canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983).

The settlement agreed to by Affine and ezTel and approved by the Bankruptcy Court clearly evidences an educated, intelligent and thorough evaluation of the facts. The Bankruptcy Court understood that the issues of law presented by Affine's administrative claim were novel and complex. This settlement provides certainty for all parties involved, especially the debtor. The settlement removes a potential post-petition claim in excess of $200,000 and prevents the

expenditure of unknown thousands in litigation and discovery costs.  As the Bankruptcy Court stated, without settlements, Chapter 11 cases would continue to languish in the Bankruptcy Court.  This case has now been pending for over three years.  In the interest of time, money and the hope of creating a plan, this settlement makes common and equitable sense.  However, this Court will review in light of the three-part test laid out in <u>Jackson Brewing</u>.

      First, because the issues of law related to Affine's claim are complex, novel and uncertain, it is not easy to perceive whether its administrative claim will be granted.  However, it is very possible that Affine could succeed on their claim.  If so, then with another year to two passing, the post-petition claim will have dramatically increased.  EzTel's CEO stated that Affine's commissions were accruing at a rate of $12,000 -15,000 a month.  That means that ezTel could be liable for $180,000 per year until this case is resolved.  Such an amount would dwarf the size of the current settlement.  However, it is possible Affine's claim would just be an unsecured claim.  However, the Bankruptcy Court and this Court believe Affine's probablity of success is likely.  Therefore, the settlement meets the first prong of the test.

      Second, the complexity and length of this duration weigh heavily in favor of settlement.  Affine's claims are novel questions of law.  In reviewing the commission cases, the Court could find no similar provision as Section 3.3.  Therefore, the complexity of the litigation would be very arduous because there is no precedent for such a provision.  In addition, the costs of litigation seem to be prohibitive and damaging to the bankruptcy estate.  Mr. Boggs estimated that litigation costs could exceed $50,000.  He also stated that discovery costs would be very expensive.  In light of those figures, the Court finds that such expenses would be a waste and a drain to the existing estate.  Therefore, the second prong weighs in favor of settlement.

      Third, ezTel, Affine, and the Bankruptcy Court all seem to have used common sense and

sound business judgment in reaching and ratifying this settlement. Affine is willing to sharply decrease the amount of its claim. In addition, this settlement provides for a payment period of 24 months without interest. The settlement also releases ezTel from any other liabilities associated with its former contract with Affine. Also, this settlement clears the way for this pending case to move forward. Finally, this settlement is very good for the debtor and is not unduly burdensome on its financial standing. Therefore, the third prong weighs in favor of settlement.

WilTel puts forward very solid legal arguments in its briefs and objection to this settlement. The Court believes that WilTel's points are well-taken and appreciates its solid legal foundation. The Court also recognizes the close nature of this dispute. However, the Court finds that in the interest of reaching the ultimate goal of ezTel's emergence from Bankruptcy, this settlement is proper and the Bankruptcy Court did not abuse its discretion in granting it.

*D. Conclusion*

In sum, the Court finds by a preponderance of the evidence that the Bankruptcy Court did not err in approving the settlement between Affine and ezTel. The settlement meets the requirements laid down by In re Jackson Brewing. Accordingly, the September 10, 2004 order of the Bankruptcy Court approving the settlement is affirmed.

A separate order in accordance with this opinion shall issue this day.

This the 19th day of October 2005.

/s/ Glen H. Davidson
Chief Judge